# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Ronald L. Green,

    Plaintiff,

v.

Herman F. Moeller, et al.,

    Defendants.

Case No.: 2:13-cv-739-JAD-PAL

**Order Granting Defendants' Motion to Set Aside Default [Doc. 20]**

Pending before the Court is Defendants, Herman F. Moeller, et al.'s, Motion to Set Aside Default [Doc. 20], seeking to set aside the Clerk's Entry of Default that Plaintiff Ronald L. Green has secured against individual Defendants Victoria A. Lipnic, Pamela C. Sellers, Jacqueline A. Berrien, Herman F. Moeller, Chai Feldblum, and Constance S. Baker [Doc. 19]. Green has filed a Response, Doc. 21, and Defendants have filed a Reply. Doc. 22. For the following reasons, Defendants' Motion is granted.

## I.
## Background

Green, an employee of the federal Internal Revenue Service, alleges that his Fourth Amendment rights were violated during an EEOC proceeding he had initiated to obtain employee medical benefits. Doc. 7, pp. 8-9.[1] His Amended Complaint, filed on July 5, 2013, names: (1) Moeller, an IRS employee; (2) Sellers, an Administrative Law Judge for the

---

[1] Green originally brought suit on April 30, 2013, and duly amended his Complaint on July 5, 2013.

1

EEOC; (3) Berrien, the Chair of the EEOC; and (4) Baker, Feldblum, and Lipnic, who are EEOC Commissioners. *Id.*

On April 30, 2013, summonses were issued to Moeller and Sellers. Doc. 3. On July 5, 2013, additional summonses were issued for Berrien, Baker, Feldblum, and Lipnic. Doc. 9.[2] On July 19, 2013, summonses mailed to each defendant in care of the "United States Attorney's Office" were returned executed. Doc. 11. On September 18, 2013, Green moved for a clerk's entry of default as to each of the individual defendants. Docs. 13, 14, 15, 16, 17, 18. A default was entered on September 19, 2013. Doc. 19. The same day, Defendants filed this Motion.

## II.

## Discussion

### A. Defendants Moeller and Sellers

Without reaching the parties' arguments, the Court finds that the record reflects that Green's service attempt on Defendants Moeller and Sellers is deficient. The summonses returned executed as to Moeller and Sellers are dated April 30, 2013, the date Green filed his original Complaint. Doc. 11, pp. 31-36. There is no evidence that Green obtained a summons from the Clerk's office for the Amended Complaint he filed on July 5, 2013 as to either Moeller or Sellers, much less that any such summons was returned executed. As the record is bereft of indicia that Green ever properly served these two defendants with a copy of the operative pleading, he is not entitled to default against them. Defendants' motion to set aside the clerk's entry of default as to Moeller and Sellers is granted.

### B. Defendants Berrien, Baker, Feldblum, and Lipnic

In support of their motion, Defendants contend that the default should be set aside against Berrien, Baker, Feldblum, and Lipnic because they were not properly served under Federal Rule of Civil Procedure 4(i)(1), (3). Doc. 21, p. 3. Defendants contend that because

---

[2] The Court also notes that the Summonses as to Baker, Berrien, Feldblum, and Lipnic were apparently issued twice on July 5, 2013. Docs. 8, 9. The first issuance is on July 5, 2013; the second on July 8, 2013. *Id.*

2

they have not been properly served, their time to answer or otherwise respond to Green's Complaint had not begun to run, preventing the entry of judgment. *Id.* at 4.

Green contends that his service on the United States through the U.S. Attorney's Office complies with Rule 4(i) because the U.S. Attorney's office is an "authorized agent" of the United States. Doc. 21, pp. 3-4. He also claims for the first time that his suit is a *Bivens* action, for which personal service on any of the Defendants is not required. *Id.* at 4 (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). In their Reply, Defendants contend that *Bivens* does not discuss service of process, and reiterate that the U.S. Attorney for the District of Nevada is not an agent for service of process.

"[S]ervice of process is the means by which a court asserts jurisdiction over the person." *Securities and Exchange Commission v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted). Where personal service is required, failure to perfect it is fatal to a claim. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). Rule 4(i)(3) provides:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

*Id.* Rule 4(e)[3] allows personal service to be effected on individuals by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

///

///

///

---

[3] Rule 4(f), which pertains to service on individuals in foreign countries, and Rule 4(g), which pertains to service on minors or incompetent persons, are not implicated here.

3

>> (C) delivering a copy of each to an agent authorized by appointment or
>> by law to receive service of process.

*Id.*[4]

Green's assertions that he has complied with Rule 4(i), or that he need not effectuate personal service on the individual defendants because this is a "*Bivens* action," are unavailing. A *Bivens* action permits a plaintiff to sue "federal agents acting under color of their authority for injuries caused by their unconstitutional conduct" for money damages. *Vaccaro v. Dobre*, 81 F.3d 854, 856 (9th Cir. 1996) (citing *Bivens*). Other courts have noted that service of process on individual federal defendants in a *Bivens* action need not comply with Rule 4(i), but must still comply with Rule 4(e). *Vaccaro*, 81 F.3d at 856; *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("[E]very court of appeals that has spoken on the question has decided that defendants in *Bivens* actions must be served as individuals."); *Moore v. Lacy*, 2010 WL 5644658, at *8 (S.D. Cal. Dec. 17, 2010). A plaintiff "substantially complies" with Rule 4(e) in a *Bivens* action only by personally serving those defendants, and not by serving them in their place of employment. *See Daly-Murphy*, 837 F.2d at 355. Because Green has failed to perfect service upon any of the individual defendants, setting aside the entry of default is clearly appropriate. *See, e.g.*, *Labadie v. United States*, 2010 WL 3259698, at *1 (W.D. Wash. Aug. 18, 2010). Defendants' motion to set aside the clerk's entry of default as to Berrien, Baker, Feldblum, and Lipnic is also granted.

### III.

### Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **ORDERED** that Defendants' Motion to Set Aside Default [Doc. 20] is **GRANTED** and the Clerk's Entry of Default [Doc. 19] is set aside. Green shall properly

---

[4] Nevada's personal service requirement is "identical in relevant respects to Rule 4(e)." *Romero v. Washoe County*, 2013 WL 1955887, at *2 n.2 (D. Nev. 2013). The Court will not address Nevada requirements.

serve all Defendants in this case with a copy of the Summons and Amended Complaint pursuant to Rule 4(e) within the time specified in Rule 4(m).

DATED: October 18, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE